# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIGGS LAW OFFICE, LLC | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| STANTON S. KREMSKY; SSK MD, Inc., | : DOCKET NO. 2:18-cv-02643-AB |
| Defendants, | : |
| | : |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : |
| | : |
| STANTON S. KREMSKY | : |
| Counterclaim Plaintiff, | : |
| | : |
| v. | : |
| | : |
| BRIGGS LAW OFFICE, LLC; NORMAN W. BRIGGS, ESQUIRE | : |
| Counterclaim Defendants. | : |
| | : |

## DEFENDANT STANTON S. KREMSKY'S ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM

Defendant Stanton S. Kremsky, by and through undersigned counsel, files this Answer to

Count I of Plaintiff's Complaint and answers and alleges as follows:

## ANSWER TO COMPLAINT

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Denied as a conclusion of law.

5.     Denied as a conclusion of law.

6.     Denied as a conclusion of law.

7.     Admitted.

8.      Admitted.

9.      Admitted in part and denied in part.  It is admitted that discovery was complex and voluminous.  It is expressly denied that Plaintiff zealously represented Kremsky.  Defendant Kremsky answers further that Plaintiff failed to take adequate and proper action on several aspects of the representation, including but not limited to failing to provide proof of all of Defendant Kremsky's damages at trial in the underlying case, failing to ensure that a judgment in the underlying case would be collectable, and failing to compel the return of tubes of gold that belonged to Defendant Kremsky while the underlying case was still in litigation.

10.     Denied.

11.     Admitted in part and denied in part.  Both Stanton S. Kremsky and SSK MD, Inc. made payments to Plaintiff.  It is expressly denied that Plaintiff is entitled to further payment for his work on the underlying case.  By way of further answer, Exhibit "C" to Plaintiff's Complaint is a verdict form and in no way demonstrates or describes how Plaintiff's legal bills were paid.[1]

12.     Admitted.

13.     Denied.

14.     Denied.

15.     Admitted.

16.     To the extent that the "Defendant" in paragraph 16 of the Complaint refers to Kenneth Kremsky in Kremsky v. Kremsky, Case No. 16-cv-04474, and the "Plaintiff" in paragraph 16 refers to Stanton S. Kremsky in Kremsky v. Kremsky, Case No. 16-cv-04474, then it is admitted.  However, to the extent that "Defendant" refers to the Defendants in the above

---

[1] The exhibits to Plaintiff's complaint are misidentified or incorrect.  For example, the Complaint refers to the verdict form as Exhibit D, but there is no Exhibit D attached to the Complaint.

captioned matter and "Plaintiff" refers to the Plaintiff in the above captioned matter, then it is expressly denied.

17.     To the extent that paragraph 17 refers to the jury verdict in Kremsky v. Kremsky, Case No. 16-cv-04474, it is admitted that the jury verdict in Kremsky v. Kremsky, Case No. 16-cv-04474 lists the stated award; however, it is denied that the jury verdict is attached to the Complaint as "Exhibit D" (there is no Exhibit D to the Complaint).

18.     Admitted.

19.     Admitted only that Kremsky's last payment to Plaintiff was in December 2017. All other averments are denied.

20.     Defendant Kremsky is without sufficient knowledge to admit or deny the averment in paragraph 20 and as such it is denied.

21.     Defendant Kremsky is without sufficient knowledge to admit or deny that Plaintiff retained Brad Ryden of Matson Driscoll LLP for purposes of serving as an expert witness in the instant case.  To the extent that paragraph 21 alleges that Plaintiff retained Brad Ryden for purposes of serving as an expert witness in Kremsky v. Kremsky, Case No. 16-cv-04474, it is admitted.

22.     To the extent that paragraph 22 alleges that Defendant Kresmsky has refused to pay the expert witness fees of Brad Ryden of Matson Driscoll LLP for services provided in Kremsky v. Kremsky, Case No. 16-cv-04474, it is admitted.  To the extent that paragraph 22 alleges that Defendant Kremsky has refused to pay the expert witness fees of Matson Driscoll LLP for services provided in the "instant case"—the above captioned case—it is denied.

23.     Denied as a conclusion of law.

## FIRST COUNT[2]

24.     To the extent that Plaintiff is incorporating paragraphs 1-23 of the Complaint,[3] it is admitted only that Plaintiff incorporates by reference these paragraphs.  Defendant Kremsky responds to the substance of paragraphs 1-23 above.

25.     Admitted to the extent that Defendant Kremsky has not paid some of the bills that Plaintiff sent Defendant Kremsky.  Denied to the extent that Defendant Kremksy is alleged to have a duty to pay Plaintiff under the terms of the Retainer Agreement after Plaintiff has breached the Retainer Agreement.  It is expressly denied that Plaintiff is entitled to further payment for his work on the underlying case.

26.     Denied.

27.     Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because of Plaintiff's failure to comply with all terms of the Retainer Agreement.

---

[2] The Second Count and Third Count are not brought against Defendant Stanton S. Kremksy. Defendant SSK MD, Inc. has moved through undersigned counsel to dismiss the Second Count and the Third Count.  To the extent that the Second Count and Third Count set out allegations that mention Dr. Kremsky, he denies those allegations to the same extent that he denies the allegations against him in the First Count.

[3] Due to an apparent typographical error, paragraphs 24, 28, and 34 of Plaintiff's complaint purport to incorporate paragraphs "1-XX."

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because of Plaintiff's prior breaches of contract.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred in whole or in part because Plaintiff's damages, if any, have been caused by its own conduct or the conduct of third parties over whom Defendant Stanton S. Kremsky has no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's failure to mitigate damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands and/or unjust enrichment.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has already been fully and fairly compensated.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant's legal bills were unreasonable and excessive, and were often incurred to fix mistakes Plaintiff made.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought as he negligently breached the professional standard for an attorney in his representation of Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to the relief sought as he breached his contract with Defendant in failing to provide legal representation that met the professional standard for an attorney.

\*     \*     \*

### DEFENDANT STANTON S. KREMSKY'S COUNTERLCLAIMS AGAINST PLAINTIFF BRIGGS LAW OFFICE, LLC AND NEW COUNTER-DEFENDANT NORMAN W. BRIGGS, ESQUIRE

Stanton S. Kremsky, by way of his counterclaim against Briggs Law Office, LLC, and Norman W. Briggs, Esquire, hereby alleges as follows:

### NATURE OF THE ACTION

1.      Counter-Plaintiff Stanton S. Kremsky ("Dr. Kremksy")[4] brings this counterclaim for professional negligence and breach of contract against Counter-Defendants Briggs Law Office, LLC, and Norman W. Briggs, Esquire (collectively, "Briggs") pursuant to Federal Rule of Civil Procedure 13(a).  Dr. Kremsky retained Briggs to bring a $1.4 million suit for fraud and misrepresentation against his nephew, Kenneth Kremsky, for the misappropriation of funds that

---

[4] Defendant SSK MD, Inc. was not a client of Briggs Law Office, LLC or Norman W. Briggs, Esquire, and through undersigned counsel has moved to dismiss the claims against it in this litigation on that basis.  Should the claims against SSK MD, Inc. survive the motion to dismiss, Defendant SSK MD, Inc. may seek to join Dr. Kremsky's countersuit against Briggs Law Office, LLC and Norman W. Briggs, Esquire.

6

Dr. Kremsky had entrusted to Kenneth Kremsky for investment.  The jury awarded Dr. Kremsky a judgment of over $749,000.  Dr. Kremsky has not collected any of that sum, however, and prospects for collecting that judgment in the future appear bleak due to Kenneth Kremsky's dissipation of assets and bankruptcy.  Briggs failed to adequately and properly inform Dr. Kremsky about the risks of uncollectability, failed to adequately and properly protect Dr. Kremsky from Kenneth Kremsky's attempts to dissipate and reduce his assets, and failed to litigate the case against Kenneth Kremsky in a reasonable and efficient manner.

The harm to Dr. Kremsky could have been prevented if Briggs had exercised the ordinary skill and knowledge of attorneys licensed to practice law in Pennsylvania.  Instead, Dr. Kremsky has been left with an uncollectable judgment and a purported debt to Briggs of over $300,000 for unpaid legal fees and costs.

## PARTIES

2.      Counter-Plaintiff Stanton S. Kremsky is an adult citizen of the State of California residing at 10102 Beverly Drive, Huntington Beach, California.

3.      Counter-Defendant Briggs Law Office, LLC is a limited liability corporation formed under the laws of the State of New Jersey that is authorized to conduct business in the Commonwealth of Pennsylvania and is conducting business as a law firm at 400 Market Street, Suite 730, Philadelphia, Pennsylvania.  Attorneys that conduct legal work in Pennsylvania for Briggs Law Office, LLC include Norman W. Briggs, Esquire and Adrienne Chapman, Esquire. Dr. Kremsky is asserting a professional liability claim against this Counter-Defendant.

4.      Counter-Defendant Norman W. Briggs, Esquire is a is a licensed professional with offices in Philadelphia County, Pennsylvania located at 400 Market Street, Suite 730,

Philadelphia, Pennsylvania.  Dr. Kremsky is asserting a professional liability claim against this Counter-Defendant.

5.      At all materials times, Counter-Defendant Briggs Law Office, LLC was acting by and through its authorized agents and employees, including but not limited to Norman W. Briggs, Esquire, and Adrienne Chapman, Esquire, who were at all times acting within the course and scope of their agency or employment.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1332 as the adverse parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7.      Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred here.

## OPERATIVE FACTS

### The Briggs Retention and Pre-Suit Representation

8.      Kenneth Kremsky misappropriated more than a million dollars of funds that his uncle, Dr. Kremsky, had entrusted to him for management and investment.

9.      In June 2016, Dr. Kremsky engaged in discussions with Counter-Defendants Briggs Law LLC and Attorney Norman Briggs, Esquire (collectively, "Briggs") about bringing a law suit on behalf of Dr. Kremsky in an attempt to recover the misappropriated funds from Kenneth Kremsky.

10.     Attorney Norman W. Briggs, Esquire represented to Dr. Kremsky that he was experienced with the kind of complex fraud case that Dr. Kremsky sought to pursue against

Kenneth Kremsky.  Briggs did not, however, have sufficient experience to adequately and properly litigate a fraud case of that complexity or to ensure that Dr. Kremsky received some recovery after judgment.

11.     In discussions with Dr. Kremsky, Attorney Norman W. Briggs, Esquire indicated that he believed Dr. Kremsky had a strong case and that it would cost about $100,000 to litigate the matter.

12.     Dr. Kremsky and Briggs exchanged emails about a retainer agreement.  Briggs added a sentence to the retainer agreement recommending that Dr. Kremsky proceed expeditiously in order to limit Kenneth Kremsky's ability to dissipate assets.  The retainer agreement did not, however, discuss what would happen if any judgment against Kenneth Kremsky was uncollectable.

13.     Eventually, Dr. Kremsky signed a retainer agreement on or about July 11, 2016. The agreement between Dr. Kremsky and Briggs set hourly billing rates for Briggs Law Office LLC lawyers and paralegals, and called for Briggs to send monthly invoices for fees and costs.

14.     Although the retainer agreement mentioned the concept of Kenneth Kremsky's ability to dissipate assets, Briggs failed during discussions in June 2016 and July 2016 to adequately and properly inform Dr. Kremsky of the risk of obtaining an uncollectable judgment.

15.     For example, Briggs failed to ensure that Dr. Kremsky was aware, prior to bringing suit, that Kenneth Kremsky could prevent the sale of his home or the garnishment of his wages to satisfy a judgment.

16.     Prior to bringing suit against Kenneth Kremsky, Briggs also failed during discussion in June 2016 and July 2016 to adequately and properly inform Dr. Kremsky of the risks associated with Kenneth Kremsky potentially filing for bankruptcy.

17.    Prior to bringing suit against Kenneth Kremsky, Briggs also failed during discussion in June 2016 and July 2016 to adequately and properly inform Dr. Kremsky about Kenneth Kremsky's right to appeal any judgment and the additional fees and costs that would follow from any appeal.

18.    Prior to bringing suit against Kenneth Kremsky, Briggs failed to adequately and properly perform due diligence on Kenneth Kremksy's assets, including but not limited to Kenneth Kremsky's real estate holdings, real estate held by other entities that Kenneth Kremsky controlled, and any mortgages or other encumbrances on real estate under Kenneth Kremsky's ownership or control.

19.    Leading up to the time that the lawsuit was brought, Kenneth Kremsky owned or controlled numerous properties in Atlantic City.

20.    A reasonable pre-suit investigation would have shown that many of the properties under Kenneth Kremsky's ownership or control had little to no equity in them as a result of mortgages, and would have identified any other judgments or encumbrances related to those properties.

21.    If Briggs had sufficiently advised Dr. Kremsky of the serious risk that he might never recover any judgment awarded against Kenneth Kremsky, Dr. Kremsky would not have agreed to pursue a fruitless and expensive legal case.

**Briggs' Deficient Representation in the Federal Suit Against Kenneth Kremksy**

The Complaint

22.    Briggs brought a fraud case in the United States District Court for the Eastern District of Pennsylvania, Kremsky v. Kremsky, Case No. 16-cv-04474, via a complaint filed on August 15, 2016.

10

23.     The complaint referred to three main categories of assets that Kenneth Kremsky had misappropriated or mishandled: Investments and Banking, Precious Metals, and Real Estate.

24.     The complaint referred to Dr. Kremsky's business and personal bank accounts at Chase Bank, and pleaded that from 2014 until August 2015 there had been withdrawals from the Chase Accounts of about $630,000.  The complaint also referred to Dr. Kremsky's brokerage accounts from which Kenneth Kremsky had misappropriated funds, but did not plead a specific amount of money that had been withdrawn from those accounts or describe Kenneth Kremsky's mishandling of the investments in those accounts.

25.     The complaint referred to precious metals that Kenneth Kremsky had purportedly purchased for Dr. Kremsky but which had never been delivered to Dr. Kremsky.

26.     The complaint referred to real estate investments that Kenneth Kremsky had made using Dr. Kremsky's funds, but failed to state a claim affecting title to the real estate that Kenneth Kremsky owned or controlled.

27.     The complaint also failed to develop claims for constructive trust, for specific performance of the return of assets that Kenneth Kremsky had misappropriated, or that affected title to Kenneth Kremksy's assets, and was never amended to develop such claims.

<u>The Preliminary Injunction</u>

28.     Briggs filed a motion for a preliminary injunction on August 19, 2016, to freeze Kenneth Kremsky's assets, which the District Court eventually granted in part and denied in part on October 5, 2016.  The District Court agreed that Kenneth Kremsky would be barred from selling or transferring three properties that were identified in the motion.  The District Court also ordered Kenneth Kremsky to inventory and turn over precious metals in his possession to be held

in escrow.  The District Court otherwise refused to freeze Kenneth Kremsky's assets, noting that Briggs had pleaded a "run-of-the-mill damages action" on behalf of Dr. Kremsky.

29.     The preliminary injunction referred to only a small subset of Kenneth Kremsky's properties that may have been purchased with funds misappropriated from Dr. Kremsky's accounts.

30.     The preliminary injunction did not prevent Kenneth Kremsky from dissipating assets or taking steps to avoid returning funds and property that rightfully belonged to Dr. Kremksy.

31.     For example, unbeknownst to Dr. Kremsky or Briggs at the time, Kenneth Kremsky put his personal residence into a trust the day after Briggs filed the lawsuit against him on behalf of Dr. Kremsky.

32.     Kenneth Kremsky also transferred properties from his name to HG Kremsky Real Estate Holdings LLC after the suit was filed.

33.     Kenneth Kremsky listed two properties for sale during the pendency of the case, but Briggs did not bring that information to the attention of the District Court or attempt to modify the motion for a preliminary injunction to include those properties and thereby prevent their sale or transfer.

34.     Briggs also did not ensure that Kenneth Kremsky's property transfers or sales were proscribed as fraudulent conveyances.

35.     In addition, the preliminary injunction did not ensure the return of five tubes of gold that Kenneth Kremsky had in his possession.  Briggs did not file a motion to compel the return of those five tubes of gold despite Dr. Kremsky's repeated requests to do so.

<u>The Lis Pendens Filings</u>

36.     Briggs filed lis pendens on three properties on August 16, 2016.  These three properties were then identified in the preliminary injunction that Briggs filed on Dr. Kremsky's behalf on August 19, 2016.

37.     Briggs filed lis pendens on ten additional properties in August, September, and October 2016.  The properties subject to those lis pendens were not identified in the complaint or the preliminary injunction that Briggs filed on behalf of Kremsky, and Briggs failed to notify Kenneth Kremsky or his counsel about the lis pendens.  In addition, Briggs failed to understand the requirements for lis pendens in New Jersey, where the properties were located.

38.     On January 26, 2017, counsel for Kenneth Kremsky filed a motion to strike the lis pendens due to the failure to plead in the complaint any claim that affected title to the subject properties, and for the failure to provide notice of the lis pendens.

39.     On February 1, 2017, the District Court ordered Briggs to strike the lis pendens for all of the properties at issue.  The District Court first admonished Briggs for the failure to comply with the Local Rules in the Eastern District of Pennsylvania that set out notice requirements for the lis pendens.  Ultimately, however, the District Court's order was based on the failure to bring a cause of action that affected title to the properties at issue under New Jersey law.  The District Court concluded that "Plaintiff's complaint does not affect real property and self-help notices of lis pendens invoked under the power of this Court are not permitted."

40.     Had Briggs adequately and properly pleaded a cause of action in the complaint that could have affected title to Kenneth Kremsky's properties, and had Briggs followed the District Court's notice requirements, dissipation of Kenneth Kremsky's could have been

13

mitigated and Dr. Kremsky may have received some recovery in the form of specific performance to convey Kenneth Kremsky's real estate holdings to him.

The Forensic Accountant's Expert Report

41.     Briggs retained forensic accountant Brad Ryden to prepare an expert report and to testify at trial to support the case against Kenneth Kremsky.

42.     On December 9, 2016, the District Court set a discovery deadline for both fact and expert discovery of January 16, 2017.

43.     Briggs produced an expert report authored by Brad Ryden on December 30, 2017. The report did not set out all of the potential damages that Dr. Kremsky had suffered as a result of Kenneth Kremsky's misappropriation of funds.

44.     On January 26, 2017, counsel for Kenneth Kremsky filed a motion in limine to preclude Mr. Ryden from testifying at trial, arguing that the report had numerous methodological flaws.  Briggs provided a supplemental report from Mr. Ryden on February 7, 2017.  On February 13, 2017, counsel for Kenneth Kremsky then filed a motion to strike the supplemental report as untimely and again arguing that Mr. Ryden should not testify at trial.

45.     On February 22, 2017, the District Court allowed Mr. Ryden to testify at trial on some topics and barred him from testifying on other topics.  The District Court also allowed counsel for Kenneth Kremsky to depose Mr. Ryden, and ordered that counsel for the defense could receive reasonable attorney's fees for the costs of that deposition.

46.     Had Briggs produced a timely and adequate expert report, additional damages could have been proven at trial, and sanctions from the late production could have been avoided.

47.     In addition, a more competently prepared expert report would have provided additional information on tracing Kenneth Kremsky's assets that would have allowed for the

potential of some payment on Dr. Kremsky's claims in Kenneth Kremsky's later bankruptcy proceedings.

Trial

48.     At trial, Briggs did not present all of the potential damages that Dr. Kremsky suffered as a result of Kenneth Kremksy's misappropriation of funds.

49.     After trial, the jury found for Dr. Kremsky on some of the counts against Kenneth Kremsky and awarded damages of about $749,000.

50.     Dr. Kremsky, however, recovered none of those damages.

51.     At this time, the judgment is on appeal to the U.S. Court of Appeals for the Third Circuit.  Dr. Kremsky retained new counsel to brief and argue in favor of affirming the District Court's judgment.

Kenneth Kremsky's Bankruptcy

52.     Kenneth Kremsky filed for bankruptcy on May 5, 2017.  In his initial bankruptcy filing Kenneth Kremsky listed $171,435 owed to secured creditors, $1,035,039.32 owed to creditors with nonpriority unsecured claims, and assets of $476,208.27.

53.     In bankruptcy proceedings, Briggs filed an adversary complaint to attempt to protect the debt that Kenneth Kremsky owed as a result of the District Court's judgment.

54.     Briggs did not adequately and properly plead the adversary complaint.  The Bankruptcy Court dismissed the adversary complaint but granted Briggs leave to amend it. Briggs then filed an amended adversary complaint.

55.     In the bankruptcy proceedings, Dr. Kremsky is listed as a creditor with an unsecured claim of $750,000 based on the judgment obtained against Kenneth Kremsky in the Eastern District of Pennsylvania.

15

56.     Briggs advised Dr. Kremsky that the fraud judgment was not dischargeable in bankruptcy, but did not adequately and properly consider other issues involving Kenneth Kremsky's assets in bankruptcy.

57.     Many of Kenneth Kremsky's properties have little equity in them as a result of mortgages, taxes due, and condominium liens.  This information would have been available before Briggs brought a suit on behalf of Dr. Kremsky against Kenneth Kremsky, and could have provided additional information to Dr. Kremsky about the prospects of recovering a judgment.

58.     Dr. Kremksy retained new counsel to litigate the bankruptcy case as a result of Briggs' inability to adequately and properly protect Dr. Kremsky's interests in the bankruptcy proceedings.

59.     Dr. Kremksy has incurred and continues to incur substantial legal fees paid to successor counsel in the bankruptcy proceedings.  For example, Dr. Kremsky must litigate an expensive claim under Section 523 of the Bankruptcy Code in order to ensure that Kenneth Kremsky's debt to him is not discharged.  Briggs, however, had not adequately and properly discussed the costs of potential bankruptcy litigation with Dr. Kremsky before bringing the underlying fraud case.

60.     Moreover, Briggs' negligent performance in the fraud trial has prejudiced Dr. Kremsky's interests in the bankruptcy case.

61.     For example, one of Kenneth Kremsky's properties was sold in the bankruptcy proceedings for about $33,000.  Dr. Kremsky's current bankruptcy counsel has argued that Dr. Kremsky should have an equitable lien on those proceeds because the property was likely purchased with funds misappropriated from Dr. Kremsky.

62.     Had Briggs' successfully pleaded and proven a claim for equitable liens on Kenneth Kremsky's properties in the case before the District Court, successor counsel in the bankruptcy case could have presented that judgment instead of having to make an equitable lien argument for the first time.

63.     In addition, had the expert report that Briggs' produced in the fraud trial traced Kenneth Kremsky's assets in more detail, that report would have strengthened Dr. Kremsky's position during the bankruptcy proceedings.

64.     At this time, Kenneth Kremsky has negligible known assets remaining and will be unable to pay the full judgment owed to Dr. Kremsky using those assets.

65.     To date, Dr. Kremsky has recovered none of the misappropriated funds from Kenneth Kremsky in bankruptcy proceedings.

## COUNT I – LEGAL MALPRACTICE (Professional Negligence)

66.     Plaintiff incorporates by reference the averments and facts contained in the preceding paragraphs as though the same were fully set forth at length herein.

67.     By engaging in the general practice of law, Defendants represented that they had the degree of knowledge and skill ordinarily possessed and used by others in the general practice of law.

68.     Defendants and their agents and employees failed to exercise the ordinary skill and knowledge of attorneys licensed to practice law in the Commonwealth of Pennsylvania as follows:

(a)     Failing to conduct sufficient due diligence on the assets of Kenneth Kremsky prior to commencing litigation against him;

(b)     Failing to pursue or file claims of fraudulent conveyance against Kenneth Kremsky;

(c)     Failing to adequately and properly pursue lis pendens actions on properties under the ownership or control of Kenneth Kremsky;

(d)     Failing to pursue a constructive trust on properties under the ownership or control of Kenneth Kremsky;

(e)     Failing to obtain a timely and adequate expert report in the litigation against Kenneth Kremsky;

(f)     Failing to adequately and properly inform Dr. Kremsky about the risks of uncollectability in the litigation against Kenneth Kremsky;

(g)     Billing Dr. Kremksy for excessive and unreasonable legal fees; and

(h)     Failing to otherwise exercise the ordinary skill and knowledge of attorneys licensed to practice law in the Commonwealth of Pennsylvania.

69.     The negligent conduct of Counter-Defendants and their agents and employees was the factual cause of the harm to Dr. Kremsky set forth above.

70.     Counter-Defendants Norman W. Briggs, Esquire and Briggs Law Office, LLC are vicariously liable for the negligent acts of their agents and employees, including but not limited to Norman W. Briggs, Esquire, and Adrienne Chapman, Esquire.  The conduct for which Counter-Defendants are vicariously liable was the factual cause of the harm to Counter-Plaintiff Dr. Kremsky.

71.     As a direct and proximate result of Counter-Defendants' negligent, careless and reckless failure to exercise the ordinary skill and knowledge of an attorney licensed to practice in Pennsylvania, Plaintiff suffered damages, including but not limited to excessive legal fees and costs paid to Counter-Defendants, the loss of any recovery of the judgement against Kenneth Kremsky, the loss of a larger judgment against Kenneth Kremsky, and the expenditure of past and continuing substantial legal fees and costs to attempt to recover funds from Kenneth Kremsky in bankruptcy.

WHEREFORE, Defendant and Counter-Plaintiff Stanton S. Kremsky claims of Plaintiff and Counter-Defendant Briggs Law Office LLC a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages and lawful interest thereon, the costs of suit, and any other relief the Court deems just and reasonable.

### COUNT II – LEGAL MALPRACTICE (Breach of Contract)

72.     Plaintiff incorporates by reference the averments and facts contained in the preceding paragraphs as though the same were fully set forth at length herein.

73.     Dr. Kremsky contracted with Counter-Defendants to provide legal services and advice regarding its claims against Kenneth Kremsky.

74.     By agreeing to provide such legal services and advice to Dr. Kremsky, Counter-Defendants and their agents and employees impliedly agreed to provide professional advice and services consistent with those expected of the legal profession at large.

75.     Defendants and their agents and employees breached their agreement to provide legal services and advice as follows:

(a)     Failing to conduct sufficient due diligence on the assets of Kenneth Kremsky prior to commencing litigation against him;

(b)     Failing to pursue or file claims of fraudulent conveyance against Kenneth Kremsky;

(c)     Failing to adequately and properly pursue lis pendens actions on properties under the ownership or control of Kenneth Kremsky;

(d)     Failing to pursue a constructive trust on properties under the ownership or control of Kenneth Kremsky;

(e)     Failing to obtain a timely and adequate expert report in the litigation against Kenneth Kremsky;

(f)     Failing to adequately and properly inform Dr. Kremsky about the risks of uncollectability in the litigation against Kenneth Kremsky;

(g)     Billing Dr. Kremksy for excessive and unreasonable legal fees; and

(h)     Failing to otherwise provide professional advice and services consistent with those expected of the legal profession at large.

76.     The breaches of Counter-Defendants and their agents and employees was the factual cause of the harm to Dr. Kremsky set forth above.

77.     Counter-Defendants Norman W. Briggs, Esquire and Briggs Law Office, LLC are vicariously liable for the negligent acts of their agents and employees, including but not limited to Norman W. Briggs, Esquire, and Adrienne Chapman, Esquire.  The conduct for which Counter-Defendants are vicariously liable was the factual cause of the harm to Counter-Plaintiff Dr. Kremsky.

78.     As a direct and proximate result of Counter-Defendants' negligent, careless and reckless failure to exercise the ordinary skill and knowledge of an attorney licensed to practice in Pennsylvania, Plaintiff suffered damages, including but not limited to excessive legal fees and costs paid to Counter-Defendants, the loss of any recovery of the judgement against Kenneth Kremsky, the loss of a larger judgment against Kenneth Kremsky, and the expenditure of past and continuing substantial legal fees and costs to attempt to recover funds from Kenneth Kremsky in bankruptcy.

WHEREFORE, Defendant and Counter-Plaintiff Stanton S. Kremsky claims of Plaintiff and Counter-Defendant Briggs Law Office LLC a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) in compensatory damages and lawful interest thereon, the costs of suit, and any other relief the Court deems just and reasonable.

Respectfully submitted,

Dated: October 15, 2018                              /s/ Jack Meyerson

Jack Meyerson (I.D. No.16405)
Bradley W. Moore (I.D. No. 325477)
Meyerson & O'Neill
1700 Market Street, Suite 3025
Philadelphia, Pennsylvania 19103
(215) 972-1376
Fax: (215) 972-0277

Attorneys for Defendants
Stanton S. Kremsky and SSK MD, Inc.

**CERTIFICATE OF SERVICE**

JACK MEYERSON, ESQUIRE, hereby certifies that the foregoing Answer, Affirmative Defenses, and Counterclaim of Defendant Stanton S. Kremsky and Certificates of Merit were filed with the Clerk of the Court using the CM/ECF system on October 15, 2018 which shall send electronic notification of such filing to all CM/ECF participants.

/s/ Jack Meyerson

Jack Meyerson